HJELM, J., dissenting.
[¶ 57] I join Justice Gorman in her dissent from the Court's conclusion that no coercion results from a law enforcement officer's statement to a driver that, if she is ultimately convicted of OUI, her failure to submit to a blood draw would subject her to an enhanced criminal penalty-including a minimum mandatory jail term. I part ways with Justice Gorman's analysis only on the issue of the legal and procedural consequences of our mutual conclusion that the officer's duty-to-submit warning was coercive. In my view, the coercion resulting from the warning given to LeMeunier-Fitzgerald does not render her submission to the blood draw involuntary as a matter of law. Rather, the coercive effect of the warning is one factor within the totality of the circumstances that the *201 trial court must consider in its voluntariness analysis. For that reason, I would remand the matter for the court to reconsider the issue of whether LeMeunier-Fitzgerald's submission to the blood draw ultimately was voluntary.
[¶ 58] In the face of LeMeunier-Fitzgerald's challenge to the admissibility of evidence obtained from the blood sample, the State bore the burden of proving that her consent to the search that produced the blood sample "was, in fact, freely and voluntarily given." State v. Bailey , 2010 ME 15, ¶ 22, 989 A.2d 716 (quotation marks omitted). It is a basic principle of law that when an accused challenges the voluntariness of a consent to search, a court is to adjudicate the issue based on the totality of the circumstances.[17] See, e.g. , Birchfield v. North Dakota , 579 U.S. ----, 136 S.Ct. 2160, 2186, 195 L.Ed.2d 560 (2016) ; Ohio v. Robinette , 519 U.S. 33, 40, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996) (explaining that voluntariness of a consent to a search is "a question of fact to be determined from all the circumstances" (quotation marks omitted) ); Schneckloth v. Bustamonte , 412 U.S. 218, 224-26, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (explaining that voluntariness is determined by an assessment of "the totality of all the surrounding circumstances" and does not "turn[ ] on the presence or absence of a single controlling criterion"); United States v. Trueber , 238 F.3d 79, 95 (1st Cir. 2001) ("The question of voluntariness [of consent to a search and questioning] is a question of fact determined by the totality of the circumstances."); State v. Marquis , 2018 ME 39, ¶ 17, 181 A.3d 684 ("The determination of consent is a mixed question of fact and law to be determined from all the circumstances existing at the time of the search."); Bailey , 2010 ME 15, ¶¶ 23-24, 989 A.2d 716 ("As with other factors bearing on voluntariness, whether a misrepresentation of the purpose of a search by the police invalidates consent is a question of fact based on the totality of the circumstances."); State v. Barlow , 320 A.2d 895, 899 (Me. 1974) ("Whether a given consent to a search in a particular case was in fact voluntary or the product of duress, coercion, express or implied, is a question of fact to be determined from the totality of all the surrounding circumstances.").
[¶ 59] Here, despite the lessons of Birchfield , the court failed to assign any coercive effect to the mandatory minimum sentence-related information given by the officer to LeMeunier-Fitzgerald. For the reasons explained in Justice Gorman's dissent, the court's analysis was erroneous. That error, however, is not dispositive and does not warrant the conclusion as a matter of law that the challenged evidence must be excluded. This is because evidence of coercion arising from the duty-to-submit warning is but one element-albeit potentially a significant one-within the universe of circumstances revealed by the evidence presented at the motion hearing. Indeed, although the parties stipulated to certain facts, including the content of the refusal-related warnings provided to LeMeunier-Fitzgerald, the State also presented testimony from the officer describing "the scene" at the hospital, where the *202 officer informed her of the consequences of a refusal. In that testimony, the officer described LeMeunier-Fitzgerald's demeanor during his interactions with her, her conduct, and other factual matters such as her execution of a medical release form. All of this information is material to reveal the broader context in which LeMeunier-Fitzgerald decided to submit to the blood draw and which the court must consider-in conjunction with the coercive warning-when evaluating the voluntariness of that decision.
[¶ 60] In Birchfield , after determining that the implied consent warnings were improper, the Court remanded the Beylund matter for the trial court to reconsider whether, based on the totality of the circumstances and notwithstanding the coercive effect of the warnings, Beylund's consent was voluntary. 579 U.S. ----, 136 S.Ct. at 2186-87. In my view, the same situation exists here. Because the trial court committed legal error in its treatment of the warnings, I would remand the matter for the court to reconsider whether, based on the totality of the circumstances that includes the coercion created by the duty-to-submit warning-the State has proved that LeMeunier-Fitzgerald voluntarily submitted to the blood draw.

The same principle applies to the issue of voluntariness in other contexts, such as statements to law enforcement. See, e.g., Dickerson v. United States , 530 U.S. 428, 433-34, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) ("The determination [of voluntariness of a confession] depends upon a weighing of the circumstances of pressure against the power of resistance of the person confessing." (quotation marks omitted) ); United States v. Palmer , 203 F.3d 55, 60 (1st Cir. 2000) ("To determine the voluntariness of a waiver [of Miranda rights], it is necessary to look at the totality of the circumstances ...."); State v. Hunt , 2016 ME 172, ¶¶ 19-22, 151 A.3d 911 (explaining that voluntariness of a confession is determined by examining the totality of the circumstances).